UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK L. JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants. | Case No. 16-cv-04513-JD<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. Nos. 3, 6 |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

1  omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its
2  face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face"
3  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
4  must be supported by factual allegations. When there are well-pleaded factual allegations, a court
5  should assume their veracity and then determine whether they plausibly give rise to an entitlement
6  to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

7  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by
8  the Constitution or laws of the United States was violated, and (2) the alleged deprivation was
9  committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff seeks money damages from the judge involved with his criminal case and to be released from prison. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Before plaintiff may seek damages, he must first demonstrate that his conviction has been reversed or invalidated. Plaintiff has also failed to demonstrate that he is entitled to damages from the judge. This case is dismissed without leave to amend because allowing further amendment would be futile. Should plaintiff's conviction be reversed he may refile this case. To the extent

2

plaintiff seeks to be released from prison, he must file a habeas petition after exhausting state court remedies.

**CONCLUSION**

1. This action is **DISMISSED** for the reasons set forth above. Plaintiff's motions (Docket Nos. 3, 6) are **DENIED**.

2. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: November 16, 2016

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DERRICK L. JOHNSON,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

    Defendants.

Case No. 16-cv-04513-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 16, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Derrick L. Johnson ID: AY7574
Salinas Valley State Prison
P.O. Box 705
Soledad, CA 93960

Dated: November 16, 2016

Susan Y. Soong
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4